# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAMELA S. MAGALLANES,

*Plaintiff,*

vs.

Case No. 14-1217-EFM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Pamela Magallanes moves the Court to award attorney's fees under the Equal Justice to Access Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the motion, arguing that Plaintiff failed to comply with the Court's local rules and that her position is unreasonable. Because Plaintiff failed to comply with local rules, the motion for attorney's fees is denied.

### I.   Background

Plaintiff sought disability insurance benefits in 2010, and her application was denied initially and upon reconsideration. She then requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ ultimately determined that Plaintiff was not disabled. Plaintiff requested reconsideration of the ALJ's decision, which was denied by the Appeals Council. She then appealed to this Court seeking reversal of the ALJ's decision.

Plaintiff alleged that the ALJ erred in reaching his decision. Rather than oppose Plaintiff's motion, the Commissioner agreed that the ALJ erred, and moved the Court to reverse and remand the case for the ALJ to correct the error in further proceedings. But Plaintiff was not content with a remand for further proceedings. She asked the Court to reverse the ALJ's decision and remand for an immediate award of benefits. Because the Court found that there was a reasonable possibility Plaintiff could still be denied benefits after the ALJ corrected his error, the Court granted the Commissioner's motion and the case was remanded for further administrative proceedings. The Court remanded the case under sentence four of 42 U.S.C. § 405(g).

On April 4, 2016, Plaintiff filed a motion for attorney's fees under the EAJA. The Commissioner responded on April 15, arguing that Plaintiff failed to file a statement of consultation as required by D. Kan. Rule 54.2. On May 31, Plaintiff filed a second motion for an extension of time to reply to the Commissioner's response. In that motion, filed 56 days after the motion for attorney's fees, Plaintiff's counsel noted for the first time that he had consulted with the Commissioner and that a detailed statement was forthcoming. On June 28, Plaintiff filed her reply—85 days after the motion for attorney's fees. In that reply, Plaintiff's counsel finally provided a statement of consultation. He noted that he had emailed opposing counsel on April 22 and had spoken with opposing counsel on May 30.

## II.   Analysis

Under D. Kan. Rule 54.2(a), a party who seeks attorney's fees is required to consult opposing counsel. If the parties cannot reach an agreement, the moving party is required to file a

statement to that effect and a memorandum providing the factual basis for the fee award criteria.[1] The statement must be filed "within 30 days of filing the motion" for attorney's fees.[2] The Court "*will not consider a motion for statutory attorney's fees* made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation *in compliance with this rule*."[3] "The statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved."[4] "The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of his fee request."[5]

But Plaintiff's counsel knows—or should know—all of this already. The above language is taken directly from two 2015 cases involving Plaintiff's counsel in which Judge Lungstrum admonished him for not complying with the Rule. In each of those cases, Judge Lungstrum noted that "Plaintiff's counsel did not comply with the local rule. In the future, counsel will be expected to do so, and to inform the court accordingly."[6] In the more recent case, Judge Lungstrum specifically stated that the Court "expects the issue to be corrected in the future."[7]

Nonetheless, Plaintiff did not file a statement of consultation with the motion for attorney's fees in this case. Only after the Commissioner noted Plaintiff's noncompliance did

---

[1] D. Kan. Rule 54.2(c).

[2] *Id.*

[3] D. Kan. Rule 54.2(d) (emphasis added).

[4] *Id.*

[5] *Bruce v. Colvin*, 2015 WL 7078939, at *1 (D. Kan. Nov. 13, 2015); *Hinck v. Colvin*, 2015 WL 6473562, at *1 (D. Kan. Oct. 27, 2015).

[6] *Bruce*, 2015 WL 7078939, at *1; *Hinck*, 2015 WL 6473562, at * 1.

[7] *Bruce*, 2015 WL 7078939, at *1.

Plaintiff's counsel alert the Court that he had in fact consulted with the agency. From the date the Commissioner objected under Rule 54.2, Plaintiff still had 19 days to comply and file a statement of consultation. But 46 days later—27 days after the deadline—Plaintiff filed a motion for an extension of time and noted for the first time that "[c]ounsel has consulted with agency counsel about settlement and will provide a report to the court with her response." A statement of consultation was finally included in Plaintiff's reply to the Commissioner's response. That reply was filed 85 days after the motion for attorney's fees was filed. The statement reported that Plaintiff's counsel had emailed opposing counsel 18 days after he filed his motion for attorney's fees (or 7 days after the Commissioner noted counsel's failure to comply with Rule 54.2).[8]

In conclusion, Plaintiff's counsel did not file a statement of consultation within 30 days of the motion for attorney's fees, as required by Rule 54.2. The statement of consultation did not come until Plaintiff filed a reply on June 28, 2016—more than two months after the motion for attorney's fees. And so, for the third time in one year, Plaintiff's counsel has failed to comply with D. Kan. Rule 54.2.[9] If the Court thought it would do any good, it would once again admonish counsel to comply with Rule 54.2 in the future. But the Court sees little virtue in a third admonishment when the first two have gone unheeded.

Plaintiff's counsel advances several arguments as to why his noncompliance with Rule 54.2 should be excused once again. He notes that he had several medical issues come up during the relevant time period. If this were counsel's first time ignoring Rule 54.2, the Court would be

---

[8] Plaintiff's counsel did not actually speak to opposing counsel until 56 days after he filed his motion for attorney's fees.

[9] *Bruce*, 2015 WL 7078939, at *1; *Hinck*, 2015 WL 6473562, at *1.

-5-

more sympathetic. And to be sure, those medical issues would have been sufficient grounds for a motion for an extension of time to file the statement of consultation. But no such extension was requested, and counsel's arguments are far less convincing after the fact. The old adage that "it is better to ask for forgiveness than permission" does not apply in federal court.

Plaintiff also relies on *Marshall v. Colvin*[10] to argue that the Commissioner cannot complain of counsel's failure to comply with Rule 54.2 because she abruptly objected before the 30-day window to comply had passed. The Court finds this argument unconvincing. *Marshall* is distinguishable, and the Commissioner's response was "abrupt" because it complied with local rules. In *Marshall*, plaintiff's counsel emailed opposing counsel two days after filling a motion for attorney's fees.[11] In other words, plaintiff's counsel in *Marshall* "promptly initiate[d] consultation with the other party" as required.[12] Instead of responding to the email, opposing counsel objected to plaintiff's noncompliance to Rule 54.2 before the 30 days had expired.[13] Judge Lungstrum noted that consultation requires more than an email, but given the circumstances, decided the plaintiff's motion was ripe for consideration and considered it on the merits.[14]

Here, Plaintiff's counsel made no attempt to promptly consult with opposing counsel until after the Commissioner objected to his noncompliance. And even after being put on notice by the Commissioner's response, Plaintiff failed to comply by filing a timely statement of

---

[10] 2016 WL 454816 (D. Kan. Feb. 5, 2016).

[11] *Id.* at *1.

[12] D. Kan Rule. 54.2(a).

[13] *Marshall*, 2016 WL 454816, at *2.

[14] *Id.*

consultation. The Commissioner was required to respond to Plaintiff's motion for attorney's fees within 14 days.[15] Thus, she *had* to respond and object to Plaintiff's noncompliance before the 30-day period ended. The Commissioner's compliance with one local rule is no defense to Plaintiff's noncompliance with another. If anything, the Commissioner's objection should have elicited a statement of consultation while there was still time for Plaintiff to comply. But a timely statement of consultation did not follow.

Because Plaintiff failed to file a timely statement of consultation as required by D. Kan. Rule 54.2, the Court will not consider his motion for attorney's fees. Accordingly, his motion is denied.

**IT IS THEREFORE ORDERED** that Magallanes' Motion for Attorney Fees (Doc. 26) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 12th day of September, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] D. Kan. Rule 6.1(d)(1).